Luz Palmira Toro Velázquez, Appellant, *v.* The Registrar of Property of Ponce, Respondent.

No. G-62–14.   Decided March 29, 1963.

*Práxedes Álvarez Leandri* for appellant. The registrar appeared by brief.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

Mr. Justice Blanco Lugo delivered the opinion of the Court.

Is the presence of two witnesses actually necessary in the execution of a public deed by which a minor is emancipated by concession of the father or mother exercising patria potestas?   What effect has been operated by the provisions of the Notarial Law,[1] No. 99 of June 27, 1956, 4 L.P.R.A. § 1001 *et seq.* (1961 Supp.), on the provisions of § 233 of the Civil Code, 1930 ed., 31 L.P.R.A. § 911, as to the need that the emancipation be made "by a declaration of the father or mother, before a notary public and *in the presence of two witnesses,* and with the consent of the minor"?

By decision of March 29, 1962 the Registrar of Property of Ponce denied record of deed No. 103 of November 12, 1960, executed before Notary Práxedes Álvarez Leandri, whereby the spouses Blás Ojeda Rosado and Ángela Lugo Ortiz sold certain real property to appellant Luz Palmira Toro Velázquez, a minor emancipated by her mother Elisa Velázquez, on the ground that according to the deed of emancipation enclosed as a complementary document—No. 69 of June 15, 1960, executed before the same Notary—all the requirements provided by § 233 *supra* of the Civil Code have not been met

---

[1] According to § 42, this Act took effect on January 1, 1957.

to constitute the act of emancipation, since the two witnesses required by that section were not present in the mother's declaration of intention.

Section 13 of the existing Notarial Law, 4 L.P.R.A. § 1013 (1961 Supp.) expressly provides that *"every public instrument*, except as provided for special cases in section 27 of this Act, may be authenticated by a notary without the presence of witnesses."   The special cases referred to in § 27, 4 L.P.R.A. § 1027 (1961 Supp.),[2] are the following: (1) if requested by the authorizing notary; (2) or any of the parties; (3) when a blind person is involved therein; (4) when any of the parties does not know how or is unable to sign; and (5) where an identifying witness or witnesses is a requisite, as provided in § 16.   Furthermore, § 22 of the same Act, 4 L.P.R.A. § 1022 (1961 Supp.), excludes wills and other dispositions mortis causa from the provisions therein as to the form of public instruments and the qualifications of witnesses, and provides as to these particulars that they shall be governed by the special law or laws on the matter.

Section 27 of Senate Bill 551, which later became the Notarial Law, dispensed originally with the presence of witnesses except in the same cases referred to in the present

---

[2] In Spain, § 180 of the Notarial Regulations of June 2, 1944 (II MEDINA Y MARAÑÓN, *Leyes Civiles de España* 1174), on which § § 13, 22 and 27 of our Notarial Law could have been patterned, provides as follows:

"The intervention of attesting witnesses shall not be necessary in the authorization of public instruments, except when requested by the authorizing notary or any of the parties, or when any of the executing parties does not know how or is unable to read or write. This provision shall apply to protests, without prejudice to the norms on this matter which may be hereafter provided.   Wills shall be excepted from this provision, and they shall be governed by the provisions of the civil legislation.

"Attesting witnesses are those who appear at the act of the reading, consent, signature and authorization of a public instrument.

"Attesting witnesses may at the same time, including wills, be identifying witnesses.

"It shall not be necessary in wills that the witnesses have residence or domicile in the place of execution whenever they attest that they know the testator, and the notary knows the latter and the former."

legislation, and also included in the exclusion deeds of gift and constitution of power of attorney. Journal of Proceedings 1851 (1955). However, the Judicial Civil Committee eliminated the latter from the report submitted to the Senate and, after making reference to the elimination of witnesses as one of the fundamental changes introduced in the new legislation, it set forth that "We wish to inform that already in other countries, among them Spain, Argentina and Mexico, the presence of witnesses has been eliminated in the deeds, and the truth is that this requisite is outmoded, unnecessary and contrary to the notarial attestation." *Id.* at 1856. The legislative history reveals the purpose of making uniform the practice by dispensing with the presence of witnesses, and the only specific act to which it refers in order to except it from such practice is that of wills. It may be readily explained that, as to the execution of the latter, not only is the guaranty of the notarial attestation desired, but also to provide other requisites to secure its genuineness as being expressions of the last will.

Section 233 *supra* of the Civil Code was patterned, in the part requiring the presence of witnesses, not on the Spanish Civil Code, but on § 366 of the Louisiana Code. In Spain, § 316 requires that the emancipation by concession of the father or mother be effected by the execution of a *public instrument* or by the appearance before a municipal judge.[3] The local precept does not refer specifically to a public instrument; it requires that the act be executed by a "declaration of the father or mother, before a notary public." It is not necessary, therefore, that it be made in a public instrument, and conceivably it could be made by a sworn statement or affidavit, pursuant to the Act of March 12, 1903, 4 L.P.R.A. § 881 *et seq.*[4] It is possible that the lawmaker required thereby the

---

[3] I MEDINA Y MARAÑÓN, *op. cit.* at 152.

[4] In commenting the matter, Professor MUÑOZ MORALES states as follows in his work *Reseña Histórica y Anotaciones al Código Civil de Puerto Rico*, Part I, pp. 667–68:

presence of witnesses. As indicated, in Louisiana it is provided that "This emancipation takes place by the declaration to that effect of the father or mother, before a notary public in the presence of two witnesses." West, Louisiana Statutes Annotated (1952), 2 Civil Code 537.

In view of the provisions of the existing Notarial Law and the underlying legislative uniformity criterion, we conclude that the requisite of the presence of witnesses when the emancipation by concession of the father or mother is made by the execution of public instrument is surplusage. It adds nothing to the notarial attestation as guaranty in the juridical traffic. The legislative purpose was undoubtedly to consecrate the supremacy of the notarial attestation, and that the only case in which a greater formality is desired is that relative to the execution of wills. Indeed, nothing of what has been said means that if the emancipation is made by private instrument executed before a notary, the presence of the two witnesses required by § 233 *supra* may be dispensed with. This may be explained if we consider that the notary's intervention in this act is limited to attesting to the authenticity of the signatures.

---

"As already stated at the beginning of the notes on this chapter, our 1902 lawmakers, instead of abiding, as was proper, by the text of § 316 of the Spanish Code, requiring the execution of public instrument, resorted, as on many other occasions, to the novelty of copying, and copied verbatim § 366 of the Louisiana Code, to say now in our § 233 that emancipation shall take place '*by the declaration of the father or the mother* before a notary public.' Those lawmakers knew perfectly well the difference between a public instrument and a declaration before a notary, and this, being so elementary, does not merit further emphasis. But since attention on this point was invited in the proposed bill of 1929 of the Code Commission (§ 260), and since the amendment of Act No. 40 of 1930 passed unnoticed, it would be well to ask now whether emancipation may be made in Puerto Rico by affidavit, that is, a declaration in a private instrument attested before a notary, according to the Act of March 12, 1908... We certainly believe that it should be done by *public instrument,* as defined by our laws (§ § 9 to 20 of our Notarial Law)."

The decision appealed from will be set aside and the recording of deed No. 103 of November 12, 1960, executed before Notary Práxedes Álvarez Leandri, is ordered.